**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SENTRY SELECT INSURANCE
COMPANY,

*Plaintiff-Appellee,*

v.

FIDELITY & GUARANTY, Fidelity
and Guaranty Insurance Company,
*Defendant-Appellant.*

No. 04-56265

D.C. No.
CV-02-01055-LSP
Southern District
of California,
San Diego

ORDER
CERTIFYING A
QUESTION TO
THE SUPREME
COURT OF
CALIFORNIA

Filed July 14, 2006

Before: Michael Daly Hawkins, Susan P. Graber, and
Richard A. Paez, Circuit Judges.

---

## COUNSEL

Mark W. Flory, Harrington, Foxx, Dubrow & Canter, LLP,
Los Angeles, California, for the defendant-appellant.

Laurence J. Rabinovich, Schindel, Farman & Lipsius LLP,
New York, New York, for the plaintiff-appellee.

---

## ORDER

The panel of the United States Court of Appeals for the
Ninth Circuit hereby certifies to the Supreme Court of Cali-

fornia that this case contains a question concerning the law of California that is determinative of the cause and on which there is no clear controlling precedent in California's judicial decisions. The panel therefore respectfully requests that the Supreme Court of California answer the certified question below and provides the following statement of facts and explanation:

### Question Certified

What is the appropriate test for determining whether an insured is "engaged in the *business of renting or leasing motor vehicles without operators*" under California Insurance Code § 11580.9(b)? *Compare Travelers Indem. Co. of Ill. v. Md. Cas. Co.*, 41 Cal. App. 4th 1538, 1546-47 (1996)*, and McCall v. Great Am. Ins. Co.*, 119 Cal. App. 3d 993, 998 (1981), *with W. Carriers Ins. Exch. v. Pac. Ins. Co.*, 211 Cal. App. 3d 112, 116-17 (1989), *Mission Ins. Co. v. Hartford Accident & Indem. Co.*, 160 Cal. App. 3d 97, 101 (1984), *and Transp. Indem. Co. v. Robert Alo*, 118 Cal. App. 3d 143, 148 (1981).

### Statement of Facts

John's Trucking, Inc. ("JTI") offers trucking services and owns a fleet of tractors and trailers. JTI fulfills most of its hauling contracts by subcontracting the work to independent truckers. Those truckers generally retain 95% of the hauling contract's value, with JTI taking 5%. If the truckers rent trailers from JTI to complete the contract, JTI's percentage rises to 25%. JTI does not rent trailers to anyone other than its subcontractors, and the vast majority of its fleet is used by those subcontractors. Fidelity & Guaranty Insurance Co. ("Fidelity") insured JTI for $1 million of liability coverage per accident.

Richard Justice ("Justice"), an independent trucker, owned a Peterbuilt tractor. While fulfilling a contract for JTI and

renting a JTI trailer and semitrailer, Justice negligently caused an accident. John Deere Insurance Co. ("John Deere") provided $750,000 of liability coverage per accident. Sentry Select Insurance Co. ("Sentry") bought John Deere after the accident. Plaintiffs involved with the accident settled with Sentry for $600,000.

Sentry filed this diversity suit against Fidelity for contribution, implied equitable indemnity, and implied contractual indemnity. The parties brought cross-motions for summary judgment. The district court granted Sentry's motion, ruling that California Insurance Code § 11580.9(b) did not apply, that § 11580.9(d) controlled, and that both policies were primary. The court awarded Sentry $427,104.13.

### *Explanation*

No controlling precedent exists to answer the certified question. *Travelers* and *McCall*, from California's Second District, looks at the insured's primary business purpose in determining whether it is "engaged in the business of" leasing motor vehicles. *Alo*, *Mission*, and *Western Carriers*, from the First and Fifth Districts, examine the specific transaction in determining the same question. No California Supreme Court decision is on point.

The question is controlling. In this case, the approach used to answer whether the insured is "engaged in the business of" leasing motor vehicles will determine whether subdivision (b) will apply. If subdivision (b) does apply, Fidelity will not be required to pay contribution. If subdivision (b) does not apply, subdivision (d) will apply, requiring Fidelity to pay contribution.

In response to the question listed above, the California Supreme Court shall not be bound by the manner in which the questions have been phrased by this court, and this court will accept its decision.

As required by California statute, we provide the following list of counsel with addresses:

Mark W. Flory and Michael C. Denlinger; Harrington, Foxx, Dubrow & Canter LLP; 1055 West Seventh Street, 29th Floor, Los Angeles, CA 90071 for Defendant-Appellant.

Laurence J. Rabinovich; Schindel, Farman & Lipsius LLP; 14 Penn Plaza, Suite 500, New York, New York 10122; and Higgs, Fletcher & Mack LLP; 401 West "A" Street, Suite 2600, San Diego, CA 92101 for Plaintiff-Appellee.

The Clerk of this court shall submit an original and ten (10) copies of this Order to the Supreme Court of California, with a certificate of service on the parties. The Clerk shall also forward copies of all relevant briefs to the Supreme Court of California.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.