**SENTRY SELECT INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**FIDELITY & GUARANTY INSURANCE COMPANY, Defendant–Appellant.**

**No. 04–56265.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2009.*

Filed June 11, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Albert Miller, Esq., Higgs Fletcher and Mack, San Diego, CA, Philip A. Bramson, Esq., Laurence J. Rabinovich, Esq., Schindel Farman and Lipsius LLP, New York, NY, for Plaintiff–Appellee.

Mark W. Flory, Esq., Harrington Foxx Dubrow & Canter, LLP, Los Angeles, CA, Robert C. Carlson, Esq., Koeller, Nebeker, Carlson & Haluck, LLP, San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

### ORDER

The court is of the unanimous opinion that the facts and legal arguments are adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Therefore, this matter is ordered submitted on the briefs and record without oral argument as of June 5, 2009. Fed. R.App. P. 34(a)(2).

### MEMORANDUM **

We earlier issued an order, filed July 14, 2006, certifying to the Supreme Court of California the following question for which there was no clear controlling precedent in California's judicial decisions:

What is the appropriate test for determining whether an insured is "engaged in the business of renting or leasing motor vehicles without operators" under California Insurance Code § 11580.9(b)? *Compare Travelers Indem. Co. of Ill. v. Md. Cas. Co.*, 41 Cal.App.4th 1538, 1546–47, 49 Cal.Rptr.2d 271 (1996), *and McCall v. Great Am. Ins. Co.*, 119 Cal. App.3d 993, 998, 174 Cal.Rptr. 399 (1981), *with W. Carriers Ins. Exch. v. Pac. Ins. Co.*, 211 Cal.App.3d 112, 116–17, 259 Cal.Rptr. 36 (1989), *Mission Ins. Co. v. Hartford Accident & Indem. Co.*, 160 Cal.App.3d 97, 101, 206 Cal.Rptr. 383 (1984), and *Transp. Indem. Co. v. Robert Alo*, 118 Cal.App.3d 143, 148, 172 Cal.Rptr. 394 (1981).

*Sentry Select Ins. Co. v. Fid. & Guar. Ins. Co.*, 455 F.3d 956 (9th Cir.2006). The Supreme Court of California accepted certification.

On May 4, 2009, the Supreme Court of California issued an opinion holding that the Fidelity & Guaranty Insurance Company ("Fidelity") insurance policy issued to John's Trucking, Inc. ("JTI"), for the leased semitrailers involved in the accident was excess to the Sentry Select Insurance

Company ("Sentry Select") insurance policy issued to the driver, Richard Justice, even prior to a recent legislative change clarifying the relevant statutory text.[1] *Sentry Select Ins. Co. v. Fid. & Guar. Ins. Co.*, 46 Cal.4th 204, 207, 92 Cal.Rptr.3d 639, 205 P.3d 1084 (2009). The Supreme Court of California held that even before the statutory revision, the extensive leasing activity conducted by JTI could not "be viewed as 'merely incidental' to JTI's hauling business" and therefore "plainly qualified under former subdivision (b) for the conclusive presumption that its policy was excess to other insurance covering the loss." *Id.*

In view of this response from the Supreme Court of California, Fidelity's insurance policy was excess to Sentry's insurance policy. Consequently, we reverse the district court's grant of summary judgment for Sentry and remand.

**REVERSED and REMANDED.**

---

1. As the Supreme Court of California noted, shortly after the Ninth Circuit requested certification, the Legislature amended the statute, deleting the ambiguous text and replacing it with the phrase "who in the course of his or her business rents or leases motor vehicles without operators." *Sentry Select*, 46 Cal.4th at 207, 205 P.3d 1084 (quoting § 11580.9, subd. (b), Stats.2006, ch. 345, § 1). Prospectively, the amendment "eliminates any ambiguity as to whether the leasing of commercial vehicles must be a 'regular part of the insured's business' in order for the conclusive presumption to apply under the amended language." *Id.* (quoting *Travelers*, 41 Cal. App.4th at 1546, 49 Cal.Rptr.2d 271).